UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KEVIN MARK BROUSSARD                 CIVIL ACTION NO. 6:10-cv-0155

VERSUS                                                JUDGE DOHERTY

LCS CORRECTION SERVICES, INC.        MAGISTRATE JUDGE HANNA
ET AL.

## MEMORANDUM  RULING

(Rec. Doc. 6)

Before the court is the motion for remand filed by plaintiffs Kevin Mark

Broussard and Shelia Broussard Legnon (Rec. Doc. 6).  The motion is opposed, and

was set for oral argument before the undersigned on June 23, 2010.

Present in court were:

•      John Blackwell, counsel for the plaintiffs, Kevin Mark Broussard and Sheila

Broussard Legnon;

•      James T. Rivera, counsel for defendant LeBlanc Construction Company of

Lafayette, Inc.; and

•      Candice Hattan, counsel for defendant LCS Corrections Services Inc.

For the reasons set forth below, the motion for remand is GRANTED.

## I.   FACTUAL BACKGROUND

On July 18, 2006, a small airplane crashed in Jeanerette, Louisiana during a rainstorm.  The plane was allegedly owned, operated, and/or controlled by LCS Corrections Services, Inc. and/or LeBlanc Construction Company of Lafayette, Inc., and it was piloted at the time of the accident by Farrell Skelton, who is alleged to have been employed by LCS and/or LeBlanc.[1]  Also on board the plane was John Blackburn, another alleged employee of LCS and/or LeBlanc.  As it attempted to land at LeMaire Airport in Jeanerette, the plane allegedly crashed into a mobile home owned and occupied by Lucien Broussard.  Mr. Broussard's home was consumed by flames, and he died as a result of the injuries he sustained in this accident.  Mr. Skelton and Mr. Blackburn also died as a result of the crash.

Mr. Broussard was survived by his children, the plaintiffs in this lawsuit.  In this action, they seek to recover for Mr. Broussard's wrongful death and also for his survival from the time of the crash until his death.  They also seek to recover the value of his property that was lost in the fire.  Mrs. Legnon, who lives near the crash site and went to her father's residence shortly after the crash, also seeks to recover bystander damages pursuant to *LeJeune v. Rayne Branch Hospital*.[2]

---

[1]     Plaintiffs' fourth supplemental and amended petition.  Rec. Doc. 1-12 at p. 25, ¶6.

[2]     556 So.2d 559 (La. 1990).

The plaintiffs contend that their father's death was caused by the negligence of Mr. Skelton and/or his employer.  In their fourth supplemental and amending petition, the plaintiffs allege that LCS and LeBlanc were responsible for the operation of the airplane.  They further allege that the accident was caused by the negligence of LCS and LeBlanc and/or by their violations of various federal regulations governing aviation, which are found in Title 14 of the Code of Federal Regulations.[3]

Shortly after the fourth supplemental and amended petition was filed, LeBlanc removed the action to federal court, claiming that this court has jurisdiction over the matter because it presents a federal question, i.e., the violation of various regulations set forth in Title 14 of the Code of Federal Regulations.  The plaintiffs responded by filing this motion to remand.[4]  The plaintiffs also seek to recover attorneys' fees pursuant to 28 U.S.C. 1447(c), which states:  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

## II.   THE CONTENTIONS OF THE PARTIES

The plaintiffs argue that the alleged violations of federal statutes by the defendants will, if established, prove the defendants' negligence, but the plaintiffs

---

[3]   Plaintiffs' fourth supplemental and amended petition.  Rec. Doc. 1-12 at p. 26, ¶15.

[4]   Rec. Doc. 6.

further argue that the alleged statutory violations are not a valid basis for federal question jurisdiction.  The plaintiffs argue that remand is required because the federal aviation statutes that they allege were violated do not provide a private federal remedy.  The undersigned finds, however, that the presence or absence of a private federal remedy – while relevant – is not dispositive under current Supreme Court and Fifth Circuit jurisprudence.

LeBlanc correctly argues that the necessary analytical framework for determining whether this court has jurisdiction over this matter was articulated by the Supreme Court in *Grable & Sons Metal Products, Inc.*[5]  But the undersigned finds that the factors articulated in *Grable* and in the Fifth Circuit cases that follow it are not satisfied in this case.

## III.   ANALYSIS

Federal courts exercise limited jurisdiction.[6]   For that reason, a "suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal jurisdiction establishes otherwise."[7]   In this case, when LeBlanc removed this action, it invoked federal subject matter jurisdiction solely on the basis of the presence of a

---

[5]      545 U.S. 308 (2005).

[6]      *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001).

[7]      *Howery v. Allstate*, 243 F.3d at 916.

federal question.[8]  As the party invoking federal jurisdiction, LeBlanc, the removing

defendant, bears the burden of demonstrating the existence of a federal question.[9]

Removal statutes are to be strictly construed in favor of remand and against

removal.[10]

Federal district courts have "original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States."[11]  Therefore, a

defendant may remove a case to federal court based on the presence of a federal

question when a plaintiff asserts a claim or right arising under the Constitution or

under the treaties or laws of the United States.[12]

Whether a claim arises under federal law so as to confer federal question

jurisdiction is governed by the well-pleaded complaint rule, which provides that

"federal jurisdiction exists only when a federal question is presented on the face of

the plaintiff's properly pleaded complaint."[13]  Under the well-pleaded complaint rule,

---

[8]      Rec. Doc. 1, p. 3, ¶9.

[9]      *In Re: Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

[10]     *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

[11]     28 U.S.C. § 1331.

[12]     *Hot-Hed*, 477 F.3d at 323.

[13]     *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

"there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."[14]  However, federal question jurisdiction may also exist where "the vindication of [the subject state law cause of action] necessarily turn[s] on some construction of federal law."[15]

It is clear, however, that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction" over a case.[16] Furthermore, "the existence of a private cause of action is not a litmus test for the existence of a federal question, as many federal courts had previously held."[17] Instead, in *Grable & Sons Metal Products v. Darue Engineering*, the United States Supreme Court formulated the relevant inquiry as follows:  "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a

---

[14]     *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002).  See, also, *Saadat v. Landsafe Flood Determination, Inc*., 253 Fed. App'x 343, 344 (5th Cir. 2007).

[15]     *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); see also *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

[16]     *Merrell Dow v. Thompson*, 478 U.S. at 813; *Willy v. Coastal Corp*., 855 F.2d 1160, 1168 (5th Cir. 1988); see, also, *MSOF v. Exxon*, 295 F.3d at 491-92 (finding no federal question jurisdiction where "[t]he vindication of... plaintiffs' rights does not turn on resolution of a federal question.")

[17]     *Zahora v. Precision Airmotive Corp*., 2007 WL 765024, 1 (E.D. Pa. 2007).

federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[18]

Accordingly, the Fifth Circuit has articulated four requirements that must be met when determining whether a federal issue embedded in a state law cause of action will confer federal question jurisdiction.  Federal question jurisdiction is appropriate when:  (1) resolving the federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.[19]

In this case, the plaintiffs have stated state law causes of action:  a claim for Mr. Broussard's wrongful death, a claim for his survival between the time of the accident and the time of his death, a *LeJeune* bystander claim for Mrs. Legnon, and a claim for the value of Mr. Broussard's property that was destroyed as a result of the incident.  The plaintiffs allege that the defendants violated various Federal Aviation Regulations ("FARs") enacted pursuant to the Federal Aviation Act ("FAA"), and that these violations establish the defendants' negligence.  "Persuasive legal authorities indicate that there is no private right of action for violations of FAA

---

[18]     *Grable & Sons Metal Products v. Darue Engineering*, 545 U.S. 308, 314 (2005).

[19]     *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

regulations or rulings interpreting those holdings."[20]  Consequently, the plaintiffs in this action have not stated – and cannot state based on the allegations of statutory violations set forth in their fourth supplemental and amended petition – a federal law cause of action.  However, as noted previously, whether a federal statute creates a private right of action is relevant to – but not dispositive of – federal court jurisdiction.[21]

Therefore, the question to be resolved is whether, under the Fifth Circuit's four-part test, the federal law issue presented here is sufficient to establish federal-question jurisdiction.  It is also important that, in *Grable*, there was a dispute as to the meaning of a federal statute.  The court said:  "The meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court."[22]  Courts have been reluctant to find federal-question jurisdiction when it is alleged that a federal statute was violated but there is no dispute as to the meaning of the statute itself.  In *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, for example, the Supreme Court declined to find federal-question jurisdiction in a "state tort claim

---

[20]      *Knott v. Richard D. Davis, L.L.P.*, 2009 WL 3247165, 3 (S.D. Tex. 2009), citing *Drake v. Lab. Corp. of Amer. Holdings*, 458 F.3d 48, 57 (2nd Cir. 2006); *Schmeling v. NORDAM*, 97 F.3d 1336, 1344 (10th Cir. 1996); *Bonano v. East Caribbean Airline Corp.*, 365 F.3d 81, 86 (1st Cir. 2004).

[21]      *Grable v. Darue*, 545 U.S. at 318.

[22]      *Grable v. Darue*, 545 U.S. at 315.

resting in part on the allegation that the defendant drug company had violated a federal misbranding prohibition and was presumptively negligent under Ohio law."[23]

Just a year after *Grable* was decided, the Supreme Court distinguished *Grable* in *Empire Healthchoice Assurance, Inc. v. McVeigh*.[24]  In that case, the health insurer for federal employees sued to recover health insurance benefits it had paid to a federal employee because the employee had recovered damages for his injuries in a state court tort action.  The insurer's claim arose under state contract law, but the insurer noted that the Federal Employees Health Benefits Act ("FEHBA") vested federal district courts with original jurisdiction to hear suits challenging the denial of benefits, and FEHBA was a necessary element of the insurer's claim.  The court concluded, however, that *Empire* did not resemble *Grable*, finding that it "does not fit within the special and small category" described in *Grable*.[25]  The court noted two important distinctions.  First, the dispute in *Grable* centered on action by a federal agency and its compatibility with a federal statute, while the dispute in *Empire* centered on action by non-government persons and entities.[26]  Second, *Grable*

---

[23]     *Grable v. Darue*, 545 U.S. at 316.

[24]     547 U.S. 677 (2006).

[25]     *Empire v. McVeigh*, 547 U.S. at 699.

[26]     *Empire v. McVeigh*, 547 U.S. at 700.

"presented a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous tax cases,"[27] while Empire's reimbursement claim was "fact-bound and situation-specific."[28]  The court found that the state court where the tort suit was pending was competent to apply federal law to the extent it was required to resolve the amount of the insurer's reimbursement claim.[29]  Finally, the court concluded that the case "cannot be squeezed into the slim category *Grable* exemplifies."[30]

In the Fifth Circuit, courts have, for example, held that an alleged violation of the federal HIPAA statute does not confer federal-question jurisdiction;[31] that legal malpractice allegedly committed while representing a client in a federal trademark lawsuit and raising issues of federal intellectual property law does not confer federal-question jurisdiction;[32] that there was no federal-question jurisdiction in a case alleging that the defendant's facility violated federal environmental regulations as

---

[27]     *Empire v. McVeigh*, 547 U.S. at 700.

[28]     *Empire v. McVeigh*, 547 U.S. at 701.

[29]     *Empire v. McVeigh*, 547 U.S. at 701.

[30]     *Empire v. McVeigh*, 547 U.S. at 701.

[31]     *Graves v. Health Express, Inc.*, 2009 WL 2835778 (W.D. La. 2009).

[32]     *Singh Duane Morris*, 538 F.3d at 340; *Roof Technical Services, Inc. v. Hill*, 679 F.Supp.2d 749, 753 (N.D. Tex. 2010).

well as state and local regulations;[33] that there was no federal question jurisdiction in a suit where the plaintiffs' state law claims required the resolution of issues under the Emergency Medical Treatment and Active Labor Act ("EMTALA") and federal Medicare laws,[34] and that there was no federal-question jurisdiction when a suit raised an issue under the federal Telecommunications Act of 1996.[35]  In fact, it has been noted that "[c]ourts have uniformly held that a reference to federal environmental statutes, including RCRA, in plaintiffs' negligence claims is insufficient to confer federal question jurisdiction."[36]  It has likewise been held that allegations of OSHA and EPA violations do not automatically confer federal question jurisdiction when the action was not brought to enforce those regulations, there was no special need for federal expertise or uniformity in adjudicating the action, and finding federal-court jurisdiction would undermine the division of labor between state and federal courts.[37]

---

[33]     *MSOF Corp.*, 295 F.3d at 490.

[34]     *Williams v. Edcare Management, Inc.*, 2008 WL 4755744 (E.D. Tex. 2008).

[35]     *Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273 (5th Cir. 2010).

[36]     *Giles v. Chicago Drum, Inc*., 631 F.Supp.2d 981, 983 (N.D. Ill. 2009) (holding that allegations of RCRA violations were an insufficient basis for federal question jurisdiction), citing *Mulcahey v. Columbia Organic Chemicals Co*., 29 F.3d 148 (4th Cir. 1994); *Polcha v. AT&T Nassau Metals Corp*., 837 F.Supp. 94 (M.D. Pa. 1993) (remanding state law negligence claim to state court, noting that RCRA creates no private cause of action for damages).

[37]     *Glanton v. Harrah's Entertainment, Inc.*, 297 Fed. App'x 685, 687 (9th Cir. 2008).

LeBlanc suggests that *Grodi v. Mandalay Resort Group, Inc.*[38] should be followed in deciding whether to remand this motion.  But *Grodi* was a case in which the plaintiff alleged that violations of the Americans with Disabilities Act ("ADA") caused his injuries, that he was a member of the class sought to be protected by the ADA, and that the injuries he sustained were of the type sought to be avoided by the ADA.  The ADA provides a private right of action.  Therefore, the plaintiff stated a cause of action under the ADA.  *Grodi* is distinguished from the instant case because any violation of the FAA regulations cited by the plaintiffs cannot state a federal law cause of action.

In fact, LeBlanc did not cite any cases involving alleged violations of FAA regulations.  The undersigned finds that there are such cases, and they are persuasive.  In *Bennett v. Southwest Airlines Co.*,[39] a plane crashed on landing in Chicago in 2005.  Although the plane's passengers and crew were safe, one person on the ground died and several others were injured.  A lawsuit was filed in state court and removed to federal court.  The defendants argued that the suit should be litigated in federal court "because the national government is the principal source of rules about safe air

---

[38]     2003 WL 22244048 (N.D. Miss. 2003).

[39]     484 F.3d 907 (7th Cir. 2007).

transportation, and uniform application of these norms is desirable."[40]   The court found that the case was more similar to *Empire* than to *Grable*:  the suit presented a fact-specific application of both federal and state rules, the plaintiffs did not challenge the validity of any federal agency's or employee's actions, and many courts have previously held that claims related to air transportation may be litigated in state court.  The court stated:  "That some standards of care used in tort litigation come from federal law does not make the tort claim one 'arising under' federal law."[41]

In *Sarantino v. American Airlines, Inc.*,[42] the plaintiff filed a negligence suit because of a fatal airplane crash.  The defendants removed to federal court, arguing that the plaintiff's petition raised substantial questions of federal law.  The court remanded the action, finding that the case more closely resembled *Merrell Dow* than *Grable*.  The court found that neither the FAA nor the FARs create a federal private right of action and that the absence of a federal cause of action was "an important clue to Congress's conception of the scope of jurisdiction" and relevant to the issue of substantiality.[43]   The court also found that permitting this case to proceed in federal

---

[40]   *Bennett v. Southwest*, 484 F.3d at 909.

[41]   *Bennett v. Southwest*, 484 F.3d at 912.

[42]   2005 WL 2406024 (E.D. Mo. 2005).

[43]   *Sarantino v. American Airlines*, 2005 WL at 8, quoting *Grable v. Darue*, 545 U.S. at 318.

court could open the federal courthouse doors to a tremendous number of cases that would otherwise have been litigated in state court, upsetting the balance of federal and state judicial responsibilities.  Thus, it found that neither the substantiality requirement nor the balance requirement was satisfied.

In *XL Specialty Co. v. Village of Schaumburg*,[44] an airplane was involved in an accident while taxiing on the runway at Schaumburg Regional Airport when the landing gear allegedly struck a manhole cover adjacent to the intersection of two paved taxiways.  A state court lawsuit alleged that the village was negligent because it violated a duty of care set out in the FAA.  The village removed, alleging federal-question jurisdiction.  The federal court remanded, finding that the presence of a federal standard of negligence as an element in the state tort action was insufficient to create a substantial issue of federal law, and noting that the absence of a private cause of action under the FAA, "although not dispositive, signifies a 'missing welcome mat' for exercising federal jurisdiction."[45]

In *McCarty v. Precision Airmotive Corp.*,[46] wrongful death and survival actions were brought in state court following a fatal airplane crash.  In deciding to remand the

---

[44]     2006 WL 2054386 (N.D. Ill. 2006).

[45]     *XL v. Schaumburg*, 2006 WL at 3, citing *Grable v. Darue*, 545 U.S. at 317.

[46]     2006 WL 2644921 (M.D. Fla. 2006).

-14-

action for lack of federal-question jurisdiction, the court noted:  "the fact that FAA rules and regulations may be relevant to defining the duty of care in a negligence case or the standard in a products liability case, however, does not elevate a typical state-law tort claim to one requiring resolution in a federal forum."[47]  It found that this was "a garden variety state-law tort case which does not raise a 'significant' or 'substantial' federal issue mandating resolution by this Court."[48]

In *Glorvigen v. Cirrus Design Corp.*,[49] a fatal airplane crash occurred near Hill City, Minnesota.  A state court action was commenced, and it was removed to federal court.  The defendants argued that the state-law claims implicated significant federal issues.  The court found, however, that although the applicability of FARs would certainly be an issue in the case, the claims did not involve a substantial federal issue, the federal issue was neither dispositive nor at the heart of the state-law claim, and there was no contest concerning the meaning of any federal regulation.  Consequently, the court held that the cases "do not raise a federal issue significant enough to confer federal-question jurisdiction."[50]

---

[47]    *McCarty v. Precision*, 2006 WL at 1.

[48]    *McCarty v. Precision*, 2006 WL at 2.

[49]    2006 WL 399419 (D. Minn. 2006).

[50]    *Glorvigen v. Cirrus*, 2006 WL at 3.

In the instant case, analysis of the four relevant factors similarly mandates the conclusion that this case should be remanded.  First, while it is clear that the defendants' alleged violation of FARs will be an issue in the case, resolving those federal issues will not necessarily be dispositive of the entire case.  A state-law negligence claim has been asserted and, even if the plaintiffs are ultimately unable to demonstrate that any FAR was violated, they may be able to show that the defendants were still negligent.  Therefore, resolving the federal issue is not necessary to resolution of the state-law claim, and the undersigned finds that the first analytical factor is not satisfied.

Second, while there is a dispute as to whether the defendants violated a federal statute, there is no dispute concerning the meaning of any federal statute.  Therefore, the nature of the disputed federal issue is not a legal issue like the one presented in *Grable* but a fact-intensive one like the issues presented in *Empire*.  The undersigned finds that the second factor is not satisfied.

The third factor is whether the federal issue is substantial.  The undersigned finds that it is not.  Weighing in favor of this conclusion is the fact that Congress has not created a private cause of action under the FAA or the FARs, and that violations of federal law are alleged in this lawsuit merely to demonstrate negligence.  This finding is in accord with the cases cited above in which it was determined that the

mere presence of an FAA or FAR issue in a state-law tort case did not satisfy the substantiality prong of the requisite analysis.

The final factor to be considered is whether federal jurisdiction will disturb the balance of federal and state judicial responsibilities.  The undersigned finds that, in this case, it would.  Although this is an important lawsuit in which liability for the death of Mr. Broussard is an ultimate issue to be decided, it is nonetheless a relatively common state tort action.  The state court is more than capable of determining whether a federal statute has been violated and whether such a violation proves that the defendants were negligent.  The mere allegation that a federal statute has been violated is insufficient to create federal-question jurisdiction, and no other basis of federal-court jurisdiction has been alleged.

Therefore, the undersigned finds that this court does not have subject matter jurisdiction over this lawsuit, and the motion to remand is GRANTED.

## IV.   MOTION FOR ATTORNEYS' FEES

Pursuant to 28 U.S.C.§1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." Therefore, by its plain language, the statute makes the award of costs and expenses, including attorney's fees, discretionary. The undersigned finds that the removal notice filed in this case was made in good faith, with a valid legal

-17-

argument in support of the removal. Therefore, no such award is warranted and the plaintiffs' motion for attorneys' fees is DENIED.

Signed at Lafayette, Louisiana, this 6th day of July, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)